FILED
MINNEAPOLIS, MINN
2018 SEP -4 PM 3:33
CITY CLERK
DEPARTMENT

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Rico A. McKinnies,

    Plaintiff,

vs.

City of Minneapolis; and Officer Rachael Reiersgord, Officer Chad Conner, and Officer J. Spies, in their individual and official capacities,

    Defendants.

**COMPLAINT WITH JURY DEMAND**

Court File No:

Case Type: Other

Judge:

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution as well as Minnesota state law.

2. It is alleged that the Defendants made an unreasonable seizure of Plaintiff's person, violating his rights under the Fourth Amendment to the United States Constitution. It is also alleged that Defendants battered and negligently caused injury to Plaintiff under Minnesota state law.

## VENUE

3. Venue is proper in this Court pursuant to Minn. Stat. §§ 542.03 and 532.09, in that this cause of action arose in Hennepin County, MN.

1

## **PARTIES**

4. Plaintiff Rico McKinnies was at all material times a resident of the State of Minnesota and of full age.

5. The City of Minneapolis, Minnesota, is a municipal corporation and the public employer of the Defendant Officers.

6. Defendant Officers Reiersgord, Connor, and Spies were at all times relevant to this complaint duly appointed and acting officers of the police department of the City of Minneapolis, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Minnesota and/or the City of Minneapolis.

## **FACTS**

7. On February 8, 2018, Plaintiff Rico McKinnies was pulled over by Defendant Officers Reiersgord and Connor. The Defendant Officers accused Mr. McKinnies of committing a traffic violation. Mr. McKinnies disputed the allegation and requested a supervisor. Shortly after the traffic stop, Defendant Officer Spies also arrived to assist.

8. The Defendant Officers refused to call a supervisor and told Mr. McKinnies that his request was being denied. After discussing the situation for approximately 1.5 minutes, Mr. McKinnies dialed 911 and requested a supervisor to report to his location. Mr. McKinnies and the Defendant Officers then continued to discuss the legality of the traffic stop for approximately 3 more minutes. The Defendant Officers then told Mr. McKinnies that he needed to step out of his vehicle and threatened to forcibly remove him if he failed to comply. Mr. McKinnies then took off his seat belt and exited his vehicle.

REMOVAL - EXHIBIT 2

9. Once he exited his vehicle, the Defendant Officers immediately handcuffed Mr. McKinnies behind his back and walked him to their squad. Once at the squad, Defendant Officer Reiersgord directed Mr. McKinnies to spread his feet, and Mr. McKinnies immediately complied.

10. Defendant Officer Spies then falsely claimed that Mr. McKinnies was not being compliant, grabbed Mr. McKinnies' hands and fingers, which were handcuffed behind his back, and started yanking them upwards using severe and unnecessary force. Because Mr. McKinnies was handcuffed behind his back, Officer Spies' yanking of his hands was causing Mr. McKinnies' torso to shift. Defendant Officer Reiersgord then started pushing Mr. McKinnies in the opposite direction. Mr. McKinnies was then pat-searched for weapons. No weapons were found during ht search. During the pat-search, Defendant Officer Spies also struck Mr. McKinnies in the chest without justification.

11. The Defendant Officers then opened the squad door and directed Mr. McKinnies to get into the squad. Mr. McKinnies is 6'5" tall and he was still handcuffed behind his back. Once the squad door opened, Mr. McKinnies was standing in very close proximity to the passenger compartment of the squad, with the squad door open. At this point, Defendant Officer Spies grabbed the fingers on Mr. McKinnies' left hand, yanked his left hand up by the fingers, and started twisting Mr. McKinnies' fingers while shoving Mr. McKinnies forward into the squad. Mr. McKinnies needed to lower his head and bend his knees and torso in order to fit inside the squad, but Defendant Officer Spies continued to yank Mr. McKinnies' left hand and twist Mr. McKinnies' fingers while Mr. McKinnies' hands were handcuffed behind his back and shoving him forward. Due to Officer Spies' use of unnecessary force, Mr. McKinnies was physically unable to get into the squad and was in pain and yelling for help.

REMOVAL - EXHIBIT 2

Defendant Officers Reiersgord and Connor observed Officer Spies' actions and heard Mr. McKinnies' requests for help but offered Mr. McKinnies no assistance and failed to intervene. Eventually, Defendant Officer Spies fractured a finger on Mr. McKinnies' left hand. Mr. McKinnies could feel and hear the fracture at the instant it occurred and immediately advised the Defendant Officers that Officer Spies had fractured his finger. Officer Spies then released Mr. McKinnies' left hand, at which point Mr. McKinnies immediately lowered himself into the squad.

12. The Defendant Officers then called a sergeant to the scene, as Mr. McKinnies had initially requested, but only after Officer Spies fractured Mr. McKinnies' finger. Mr. McKinnies was ultimately released with a citation for traffic violations.

13. As a result of Defendants' unnecessary and excessive use of force and failure to intervene, Mr. McKinnies suffered the following injuries and damages: physical pain, suffering, and discomfort; fractured finger on his left hand; emotional trauma, anguish, and distress; stress, fear, shame, humiliation, and embarrassment; medical expenses associated with treatment of the fracture; and lost wages. Mr. McKinnies seeks recovery of reasonable damages in an amount greater than $50,000.00.

### CLAIMS FOR RELIEF

**COUNT 1: 42 U.S.C. § 1983 – FOURTH AMENDMENT UNREASONABLE SEIZURE AND EXCESSIVE FORCE AGAINST ALL INDIVIDUAL DEFENDANTS**

14. Paragraphs 1 through 13 are incorporated herein by reference as though fully set forth.

15. Based on the above factual allegations, Defendant Officer Spies, through his actions, acting under the color of state law, violated Plaintiff's constitutional right to remain free from unreasonable seizures and use of excessive force under the Fourth Amendment to the United States Constitution.

REMOVAL - EXHIBIT 2

16. Defendant Officers Reiersgord and Connor violated Plaintiff's Fourth Amendment rights by failing to intervene and protect Plaintiff from Officer Spies' excessive use of force.

17. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 2: BATTERY AGAINST OFFICER SPIES AND CITY OF MINNEAPOLIS UNDER MINNESOTA STATE LAW

18. Paragraphs 1 through 13 are incorporated herein by reference as though fully set forth.

19. Based on the above factual allegations, the Defendants battered Plaintiff. Specifically, Officer Spies engaged in intentional, offensive, and unpermitted contact with Plaintiff.

20. Defendant City of Minneapolis is vicariously liable to Plaintiff for Defendant Officer Spies' battery.

21. As a direct and proximate result of this battery, Plaintiff suffered damages as aforesaid.

### COUNT 3: NEGLIGENCE AGAINST OFFICER SPIES AND CITY OF MINNEAPOLIS UNDER MINNESOTA STATE LAW

22. Paragraphs 1 through 13 are incorporated herein by reference as though fully set forth.

23. Based on the above factual allegations, Defendant Officer Spies negligently fractured a finger on Plaintiff's left hand.

24. Defendant City of Minneapolis is vicariously liable to Plaintiff for Defendant Officer Spies' negligence.

25. As a direct and proximate result of this negligence, Plaintiff suffered damages as aforesaid.

REMOVAL - EXHIBIT 2

## **RELIEF REQUESTED**

**WHEREFORE, Plaintiff requests that this Court grant the following relief:**

a. Issue an order granting Plaintiff judgment against Defendants, finding that Defendants violated Plaintiff's constitutional rights under the Fourth Amendment to the United States Constitution as well as Minnesota state law and that Defendants are liable to Plaintiff for all damages resulting from these violations;

b. Award of compensatory damages to Plaintiff against all Defendants, jointly and severally;

c. Award of punitive damages to Plaintiff against the Defendant Officers as to Count 1 of this Complaint pursuant to *Smith v. Wade*, 461 U.S. 30 (1983);

d. Award of reasonable attorney's fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

e. Award of such other and further relief as this Court may deem appropriate.


THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL.


THE LAW OFFICE OF ZORISLAV R. LEYDERMAN

Dated: August 13, 2018              By: s/ Zorislav R. Leyderman
    ZORISLAV R. LEYDERMAN
    Attorney License No. 0391286
    Attorney for Plaintiff
    The Law Office of Zorislav R. Leyderman
    222 South 9th Street, Suite 1600
    Minneapolis, MN 55402
    Tel: (612) 876-6626
    Email: zrl@ZRLlaw.com